UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AETNA HEALTH MANAGEMENT, LLC, | § § § | |
| *Plaintiff*, | § | Civil Action No. 3:20-CV-00443-X |
| v. | § § | |
| BENCHMARK HEALTH NETWORK, LLC, | § § § | |
| *Defendant*. | § § | |

## **MEMORANDUM OPINION AND ORDER**

This Court is hardly all-powerful. It only has jurisdiction of this case if there is complete diversity in state citizenship between the parties on each side of the matter and if the amount-in-controversy requirement is met. It is high praise for parties to assume this Court can decide their dispute before demonstrating it possesses the power to do so. As flattered as the Court is by this high praise, the Court cannot yet accept that compliment. For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** this action for lack of subject matter jurisdiction.[1]

---

[1] Under section 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

1

I.

On February 21, 2020, Aetna Health Management, LLC (Aetna) petitioned the Court for an order enforcing an arbitral subpoena issued on February 2 to defendant Benchmark Health Network, LLC (Benchmark). Also on February 21, Aetna filed an emergency motion to compel Benchmark to comply with the arbitral subpoena [Doc. No. 2]. Summons was issued to Benchmark on February 24, this case was reassigned to this Judge on February 26, and Benchmark has yet to respond to Aetna's motion to compel (or to even be served with Aetna's complaint).

Aetna wants Benchmark to appear on March 2—in three days—before an arbitrator who is conducting an arbitration between Aetna and Jack County Hospital District d/b/a Faith Community Hospital (Faith). Benchmark is not a party to that arbitration. Aetna seeks relief from this Court under Section 7 of the Federal Arbitration Act (Arbitration Act). Among other things, Section 7 says:

> The arbitrators . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case . . . . [I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators . . . are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators[.][2]

---

[2] 9 U.S.C. § 7.

"It is well established that the [Federal Arbitration Act] is not an independent grant of federal jurisdiction."[3] "Although the Fifth Circuit has not addressed this issue in the context of Section 7, other circuits have, each of them concluding that Section 7 does not bestow subject matter jurisdiction."[4] Another district court in the Fifth Circuit has reasoned that because the Fifth Circuit has held that Section 10 does not confer federal jurisdiction and Section 7's language is similar to Section 10's, then it "is confident in following this weight of authority and finding that Section 7 of the [Federal Arbitration Act] does not create federal subject matter jurisdiction."[5] This Court agrees with that analysis. And apparently so does Aetna, which here attempted unsuccessfully to plead subject matter jurisdiction under 28 U.S.C. § 1332.

## II.

"To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity."[6] And the amount in controversy must exceed the sum or value of $75,000.[7]

---

[3] *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 506 (5th Cir. 2004) (holding that Section 10 of the Arbitration Act does not confer federal subject matter jurisdiction).

[4] *Chicago Bridge & Iron Co. N.V. v. TRC Acquisition, LLC*, 2014 WL 3796395 at *2 (E.D. La. July 29, 2014) (citing cases from the Second, Sixth, and Seventh Circuits finding that Section 7 of the Arbitration Act does not confer federal courts with jurisdiction).

[5] *Id.*

[6] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted).

[7] 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . .").

3

Complete diversity requires that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side."[8] The party seeking to invoke federal jurisdiction bears the burden of establishing that the parties are completely diverse.[9] And citizenship must be "*distinctly* and *affirmatively* alleged."[10]

Complete diversity depends on citizenship. Individuals must allege their actual citizenship, not merely their residency.[11] For purposes of diversity jurisdiction, "the state where someone establishes his domicile serves a dual function as his state of citizenship."[12] "Domicile requires *the demonstration* of two factors: residence and the intention to remain."[13]

The citizenship of individuals also matters for limited liability companies. Limited liability companies are citizens where each of their members is a citizen.[14] If

---

[8] *MidCap Media Fin., L.L.C.*, 929 F.3d at 313 (citing *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)).

[9] *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." (citing *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998)).

[10] *Getty Oil Corp.*, 841 F.2d at 1259 (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)) (emphasis in original).

[11] *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925); *see Shannon v. Underwriters at Lloyd's*, No. 2:14-CV-174-J, 2015 WL 11111078 at *1 (N.D. Tex. June 9, 2015) ("An allegation of *residency*, rather than citizenship, is inadequate to invoke a federal court's diversity jurisdiction." (citing *Realty Holding Co.*, 268 U.S. at 399) (emphasis in original)).

[12] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

[13] *Preston*, 485 F.3d at 797 (emphasis added); *see Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996) ("Mere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent.").

[14] *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."). In contrast, a corporation is a citizen wherever it is

4

any member of the LLC is itself an unincorporated association, the Court must "know the citizenship of each 'sub-member' as well."[15]

### III.

Aetna has not met its burden of establishing complete diversity under 28 U.S.C. § 1332(a). And it has also not met its burden of establishing that the jurisdictional amount in controversy is satisfied.

### i.

Aetna does not adequately plead its citizenship and Benchmark's citizenship. Both Aetna and Benchmark are limited-liability companies. Aetna improperly defines its citizenship as its state of formation and the location of its principal place of business—the standard for corporations, not LLCs.[16] Aetna fails to identify each of its members and affirmatively plead their citizenships, and also, if applicable, identify each of their sub-members and affirmatively plead their citizenships.

Aetna similarly insufficiently pleads citizenship for Benchmark. It says that Benchmark "is owned by Crosstimbers Medical, LLC, which is formed in Delaware and has all of its members located in Texas."[17] But the complaint fails to identify

---

incorporated and maintains its principal place of business. *See Ill. Cent. Gulf R.R. Co. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction" for a corporation "must state both the state of incorporation *and* the principal place of business of each corporate party." (emphasis in original)).

[15] *Guardado v. Palmore*, No. 3:16-CV-0782-K, 2016 WL 9308318, at *1 (N.D. Tex. Oct. 25, 2016) (quoting *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (internal citation omitted)).

[16] *See* Emergency Petition to Enforce Arbitrator's Subpoena (Complaint) ¶ 9 ("[Aetna Health Management, LLC] is a foreign corporation organized and existing under the laws of Delaware, with its principal place of business in Hartford, Connecticut.") [Doc. No. 1].

[17] *Id.* ¶ 10. The Complaint also says, "Every member of Benchmark and its parent LLC is domiciled in Texas," but it doesn't say who those members are. Complaint ¶ 13.

5

each and every member—and each and every sub-member—of Benchmark and their citizenships. Specifically, Aetna also fails to identify each of Crosstimbers Medical, LLC's members and their citizenships.

ii.

Additionally, Aetna does not adequately plead the amount in controversy to establish subject matter jurisdiction. As the party invoking the jurisdiction of the Court, Aetna bears the burden of establishing that the jurisdictional amount in controversy is satisfied.[18] Aetna offers the conclusory statement that the amount-in-controversy is satisfied, and mentions in the complaint that its arbitration dispute with Faith involves "millions of dollars."[19] But Aetna's complaint does not adequately allege an amount in controversy against Benchmark neither in the arbitration nor in this dispute over the arbitral subpoena.

Aetna seems to attempt to plead an amount in controversy by saying in a footnote that "the amount in dispute between Benchmark and Aetna involves tens of millions of dollars."[20] But the Court understands that Aetna has yet to allege a claim against Benchmark, who Aetna admits "is not a party to the arbitration hearing."[21]

---

[18] *Hartford Ins. Grp. V. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (saying that as "the party invoking federal diversity jurisdiction" bears "the burden of establishing the amount in controversy by a preponderance of the evidence").

[19] *See* Complaint ¶ 12 ("Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the value of the dispute exceeds $75,000."). *See also id.* ¶ 3 ("The arbitration involves, among other issues Aetna's counterclaim against Faith for defrauding Aetna by billing for millions of dollars in laboratory services that Faith did not perform and/or were for non-patients of Faith.").

[20] *Id.* ¶ 7, n. 1.

[21] Aetna Health Management, LLC's Memorandum of Law in Support of Emergency Motion to Compel (Motion to Compel), at 9 [Doc. No. 3].

Furthermore, Aetna has not shown that the amount-in-controversy requirement is met in this action, as it seeks nothing from Benchmark here other than its appearance before the arbitrator, the production of discovery documents, costs and fees for its non-appearance at a previous arbitration hearing, and an order to hold Benchmark in contempt.[22] To establish subject matter jurisdiction, Aetna must demonstrate why its claims against Benchmark, if any, meet or exceed the amount-in-controversy requirement. And it has not done so here.

IV.

For these reasons, Aetna has not invoked the Court's jurisdiction.[23] And the Court cannot enforce a subpoena under the Arbitration Act unless it has the jurisdiction to do so. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** this action. The dismissal is without prejudice because without jurisdiction the Court is unable to decide the case's merits.

**IT IS SO ORDERED** this 28th day of February 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[22] *See, e.g., Chicago Bridge & Iron Co. N.V.*, 2014 WL 3796395 at *2 ("The plaintiffs assert in their complaint that the jurisdictional threshold is satisfied by virtue of the damages they seek in the arbitration, including the return of a $1 million payment made to Glover. However, these amounts are sought against Glover, not TRC. The plaintiffs assert no claim against TRC, who is not a party to the arbitration, and seek nothing from TRC in this action other than the production of discovery documents.").

[23] *See Coury*, 85 F.3d at 249 ("The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court." (citing Fed. R. Civ. P. 12(h)(3))); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See, e.g., Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam) (a court may *sua sponte* raise a question concerning its subject matter jurisdiction).